department, entered July 3, 1925, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court. The action was to recover funds belonging to the estate of Samuel Kraus, deceased, alleged to have been lost by reason of irregularities and violations of law by the defendant with which the funds were deposited and the executors who preceded plaintiff in the administration of the estate.

*Copal Mintz* and *Louis S. Posner* for appellants.

*Carroll G. Walter* for respondent.

Judgment affirmed, with costs, on ground that section 231 of Surrogate's Court Act does not change the rule of *Bischoff* v. *Yorkville Bank* (218 N. Y. 106); no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ. Not sitting: CRANE, J.

---

C. EDWARD PICHLER, Appellant, *v.* BENJAMIN GUINNESS et al., as Trustees under the Will of ERNEST THALMANN, Deceased, et al., Copartners under the Firm Name of LADENBURG, THALMANN & Co., Respondents.

*Banks and banking — foreign exchange — action to recover amount paid for transfer of moneys to foreign country on ground of delay.*

*Pichler* v. *Guinness*, 217 App. Div. 386, affirmed.

(Argued December 3, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered July 19, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a verdict in favor of the defendant. The action was brought to recover the sum of $3,559.01, with interest from the 16th day of December, 1916, which amount the plaintiff had paid to the defendants in New York on that day for the transfer of 20,000 marks by wireless to the credit of the account of Pichler Estate with the Frankfurter Bank of Frankfurt, Germany. This transfer of marks was not effected by the defendants

Prepared by State Reporter from Appeal Papers

as ordered and on September 19, 1919, the plaintiff made demand by letter on the defendants for the return of this payment with interest. The defendants refused to repay the amount in American dollars and alleged that under the terms of the order for cable transfer dated December 18, 1916, no liability was to attach to the defendants nor to their correspondents for any loss or damage in consequence of any delay or mistake in transmitting the message or through any other cause beyond their control, and then alleged that, owing to the pendency of the war between the United States and Germany, communication was suspended for a period of time and that during such time they took no steps to procure the payment as agreed.

*William L. Woodward* for appellant.

*Arthur B. Brenner* and *Edwin Kessler, Jr.,* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Dissenting: POUND and CRANE, JJ.

---

In the Matter of the Estate of CHARLES BUHRE, Deceased. GEORGE BUHRE, Respondent; MATILDA LOH, Appellant.

*Decedent's estate — executors and administrators — gift — proceeding for discovery and delivery of property belonging to estate — insufficiency of evidence to establish gift inter vivos.*

*Matter of Buhre,* 216 App. Div. 822, affirmed.

(Submitted December 3, 1926; decided December 31, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1926, which affirmed a decree of the Kings County Surrogate's Court directing delivery of personal property belonging to the estate of Charles Buhre, deceased, to the administrator in a proceeding under sections 205 and 206 of the Surrogate's Court Act for